## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MAXWELL MANAGEMENT, LLC,** | * | **CIVIL ACTION NO.:** |
| **JR CENTER, LLC,** | * | |
| **MAXWELL LAPLACE, LLC,** | * | |
| **MAXWELL PALM PLACE, LLC,** | * | **JUDGE:** |
| **SOUTHERN SELF STORAGE, LLC** | * | |
| **Plaintiffs** | * | |
| **Versus** | * | **MAGISTRATE:** |
| | * | |
| **MESA UNDERWRITERS SPECIALTY** | * | |
| **INSURANCE COMPANY** | * | |
| **Defendant** | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## COMPLAINT

**NOW INTO COURT,** through undersigned counsel, come plaintiffs, Maxwell Management, LLC; JR Center, LLC; Maxwell Laplace, LLC; Maxwell Palm Place, LLC; and Southern Self Storage, LLC (hereinafter collectively referred to as "plaintiff" or "Maxwell"), who respectfully represent as follows:

## PARTIES

1.   Plaintiffs are as follows: Maxwell Management, LLC, an Alaska limited liability company with its principal place of business located at 35 Elm Place, Luling, LA 70070; JR Center, LLC, a Louisiana limited liability company domiciled in the Parish of St. Charles, State of Louisiana; Maxwell Laplace, LLC, a Louisiana limited liability company domiciled in the Parish of St. Charles, State of Louisiana; Maxwell Palm Place, LLC, a Louisiana limited liability company

1

domiciled in the Parish of St. Charles, State of Louisiana; and Southern Self Storage, LLC, a Louisiana limited liability company domiciled in the Parish of St. Charles, State of Louisiana.

2. Defendant, Mesa Underwriters Specialty Insurance Company ("MUSIC") is and at all relevant times was a foreign insurance corporation authorized to do and conducting business in the State of Louisiana.

## JURISDICTION AND VENUE

3. This is an action for insurance benefits, damages, and statutory penalties brought pursuant to a contract of insurance issued by MUSIC to Maxwell.

4. This Honorable Court has jurisdiction over the parties and the subject matter of this litigation pursuant to, *inter alia*, 28 U.S.C. §1332(a) because the plaintiff(s) and defendant are citizens of different states, and the matter in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

5. This Honorable Court is the proper venue for the instant action as the insurance contract between the parties insured immovable properties located in the Parishes of St. Charles and St. John the Baptist, State of Louisiana.

## FACTUAL BACKGROUND

6. Plaintiff conducts its business at and owns the following properties: 12231 Hwy. 90, Luling, LA; 232 Belle Terre Blvd., Laplace, LA; 35 Palm Place, Luling, LA; and 12225 Hwy. 90, Luling, LA.

7. At all relevant times, MUSIC provided a policy of insurance to plaintiff for the aforementioned properties bearing policy no. MP0117003000473.

8. On or about August 29, 2021, Hurricane Ida made landfall in Southeast Louisiana as a strengthening Category 4 Hurricane with reported wind gusts of up to 172 miles per hour.

9. Plaintiff's properties suffered severe damage as a result of the Hurricane.

10. MUSIC's policy provides coverage for plaintiff's storm related damages.

11. On September 6, 2021, plaintiff initiated a claim with MUSIC and complied with requests for information in accordance with the MUSIC insurance policy.

12. On October 26, 2021, MUSIC, and/or its agent, inspected the property.

13. On or about November 19, 2021, MUSIC issued a $396,814.22 tender for damages at plaintiff's properties.

14. Thereafter, on January 26, 2022, plaintiff submitted a sworn statement/proof of loss for plaintiff's properties which totaled $862,555.02.

15. On February 11, 2022, MUSIC denied plaintiff's proof of loss but demanded appraisal, to which plaintiff agreed.

16. On or about November 2, 2022, 263 days after the parties agreed to appraisal and over a year after its first inspection, MUSIC tendered $979,772.58 which included staggering increases to MUSIC's original damage calculations for several of plaintiff's properties..

17. Due to the severity of damage to plaintiff's properties, repair work is ongoing.

18. On or about May 9, 2023, undersigned counsel submitted a demand to MUSIC in an attempt to resolve this matter without the necessity of litigation, but MUSIC denied plaintiff's offer.

19. To date, MUSIC has failed to adequately compensate plaintiff for its losses due to Hurricane Ida in breach of its insurance contract. Further, MUSIC's actions and/or inactions in the adjustment of plaintiff's claim were in violation of LA R.S. 22:1892 and LA R.S. 22:1973.

**First Cause of Action- Breach of Contract**

20. Plaintiff re-alleges all of the factual allegations plead above and shows that MUSIC has breached its contract with plaintiff. MUSIC has further violated its affirmative duty of good faith and fair dealing, all as more fully set forth below, by failing to tender adequate payment of undisputed sums owed after inspection of the property and receipt of satisfactory proof of loss and other actions to be shown at trial.

**Second Cause of Action- Violation of Louisiana Revised Statutes §22:1892 and §22:1973**

21. Pursuant to *Eerie Railroad Co. v. Tompkins,* 304 U.S. 64 (1938), this Court sits as an "Eerie Court" and must apply the substantive law of the State of Louisiana.

22. La. R.S. 22:1892 provides in pertinent part:

> All insurers issuing any type of contract, other than those specified in R.S. 22:1811, 1821, and Chapter 10 of Title 23 of the Louisiana Revised Statutes of 1950, shall pay the amount of any claim due any insured within thirty days after receipt of satisfactory proofs of loss from the insured or any party in interest.
>
> Failure to make such payment within thirty days after receipt of such satisfactory written proofs and demand therefor or failure to make a written offer to settle any property damage claim, including a third-party claim, within thirty days after receipt of satisfactory proofs of loss of that claim, as provided in Paragraphs (A)(1) and (4) of this Section, respectively, or failure to make such payment within thirty days after written agreement or settlement as provided in Paragraph (A)(2) of this Section when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of fifty percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater, payable to the insured, or to any of said employees, or in the event a partial payment or tender has been made, fifty percent of the difference between the amount paid or tendered and the amount found to be due as well as reasonable attorney fees and costs.

23. Plaintiff re-alleges all of the factual allegations plead above.

24. MUSIC violated La. R.S. §22:1892 by failing to pay plaintiff the amounts due and owing under the MUSIC policy, after MUSIC received satisfactory proof of loss from the plaintiff. Thus,

4

in addition to the amounts due and owing under the policy, plaintiff is owed and entitled to mandatory statutory penalties and attorney fees.

25. La. R.S. §22:1973 provides in pertinent part:

> A. An insurer, including but not limited to a foreign line and surplus line insurer, owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach.
>
> B. Any one of the following acts, if knowingly committed or performed by an insurer, constitutes a breach of the insurer's duties imposed in Subsection A of this Section: (1) Misrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue. (2) Failing to pay a settlement within thirty days after an agreement is reduced to writing. (3) Denying coverage or attempting to settle a claim on the basis of an application which the insurer knows was altered without notice to, or knowledge or consent of, the insured. (4) Misleading a claimant as to the applicable prescriptive period. (5) Failing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause. (6) Failing to pay claims pursuant to R.S. 22:1893 when such failure is arbitrary, capricious, or without probable cause.
>
> C. In addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater. Such penalties, if awarded, shall not be used by the insurer in computing either past or prospective loss experience for the purpose of setting rates or making rate filings.

26. MUSIC violated La. R.S. §22:1973 by failing to pay plaintiff amounts that were due and owing within 60 days of receipt of satisfactory proof of loss from the plaintiff. Further, MUSIC violated its affirmative duties of good faith and fair dealing by tendering an arbitrary and capriciously low amount of money in response to its initial inspection of plaintiff's properties. Thus, in addition to the amounts due and owing under the policy, plaintiff is owed and entitled to mandatory statutory penalties and attorney fees.

## **DAMAGES**

27. MUSIC's actions have caused plaintiff damages, which are in addition to any general or special damages to which plaintiff is otherwise entitled to wit:

    1. Delay damages;

    2. Property Damage;

    3. Mental Anguish;

    4. Inconvenience and suffering;

    5. Loss of Enjoyment and Use.

## **JURY DEMAND**

28. Plaintiff is entitled to and does hereby request a trial by jury.

**WHEREFORE,** plaintiffs, Maxwell Management, LLC; JR Center, LLC; Maxwell Laplace, LLC; Maxwell Palm Place, LLC; and Southern Self Storage, LLC, pray:

    I.    That this Complaint be filed and served upon defendant, Mesa Underwriters Specialty Insurance Company, citing defendant to answer the allegations contained within this Complaint; and

    II.    That after all legal delays and proceedings are had that there be Judgment in favor of the plaintiffs and against the defendant in an amount to be determined by this Court together with all damages, cost, statutory penalties, attorney's fees, interest, and any and all other equitable relief that this Court deems just.

[SIGNATURE BLOCK AND SERVICE INSTRUCTIONS ON FOLLOWING PAGE]

                                                            RESPECTFULLY SUBMITTED:

                                                            FAVRET CARRIERE CRONVICH, LLC

                                                            */s/ Paul L. Carriere*
                                                           PAUL L. CARRIERE, #33763
                                                           AUSTIN J. HIGHT #37723
                                                           650 Poydras Street, Suite 2300
                                                           New Orleans, Louisiana 70130
                                                           Telephone: (504) 383-8978
                                                           Facsimile: (866) 471-1471
                                                           pcarriere@favretlawfirm.com
                                                           *Attorneys for the Plaintiff*

**PLEASE SERVE WITH SUMMONS AND COMPLAINT:**
MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY
Through its registered agent for service
Louisiana Secretary of State
8585 Archives Ave.
Baton Rouge, LA 70809